IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAKALA KIERRA WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-173-G-BN |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action against a federal agency under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The Court has now entered an order to allow the parties to present their respective key legal issues to the Court in motions for summary judgment. But, earlier in this proceeding, Plaintiff Makala Kierra Wright filed a Motion to Cease and Desist [Dkt. No. 12], requesting that the Court order the Federal Bureau of Investigation to stop its "illegal surveillance investigation on [her] and to disseminate [the] order to all in collusion with this illegal investigation due to the possibility of [her] erroneous placement in the [Terrorist Screening Database ("TSDB")] watchlist." Dkt. No. 12.

As another judge of this Court has explained,

> [t]he FOIA requires government agencies to make their records available to the public and embodies a general philosophy of full disclosure by the agency. *See* 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, the agency in question must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. 5 U.S.C. § 552(a) and (b). A district court can enjoin an agency from withholding agency records, and can order the production of those records, if they do not fall under any of the nine exemptions. 5 U.S.C. § 552(a)(4)(B). The agency bears the burden of establishing that the withheld documents fall within a claimed exemption. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

*Driggers v. United States*, No. 3:11-cv-229-N, 2011 WL 2883283, at *1 (N.D. Tex. July 18, 2011); *cf. U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) ("Under [Section 552(a)(4)(B)], federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); internal quotation marks omitted)).

To the extent that Wright's Motion to Cease and Desist requests relief that exceeds the scope of the FOIA, it should be denied.

## Recommendation

The Court should deny the Motion to Cease and Desist [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE